William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, New York 10017
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| TENNESSEE BYNOE, | : | ECF |
| | : | 17 Civ. _____ |
| Plaintiff, | : | |
| | : | **COMPLAINT AND** |
| -against- | : | **JURY DEMAND** |
| | : | |
| CROWN DELIVERY & LOGISTICS, INC., | : | |
| TB EMPLOYMENT SERVICES, INC., | : | |
| TOTAL BENEFIT MANAGEMENT, INC., | : | |
| CURTIS HIGHT and JOHN DOES # 1-10, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------X

Plaintiff TENNESSEE BYNOE ("Plaintiff"), complains and alleges for his complaint

against CROWN DELIVERY & LOGISTICS, INC., TB EMPLOYMENT SERVICES, INC.,

TOTAL BENEFIT MANAGEMENT, INC., CURTIS HIGHT and JOHN DOES # 1-10

(together "Defendants" or "Defendant") as follows:

### NATURE OF THE ACTION

1.     Plaintiff alleges that he is: (a) entitled to unpaid wages from Defendants for work

for which he did not receive minimum wage and/or overtime premium pay, as required by law,

and (b) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

2.     Plaintiff further complains that he is entitled to back wages from Defendants for

minimum wages, overtime wages, and/or spread of hours premium pay, as required by the New

York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor

regulations.

3.      Plaintiff further complains that he is entitled to $50 per day as a result of Defendants' failure to provide the notice required under the New York Wage Theft Prevention Act and $250 per week for Defendants' failure to provide a Wage and Hour Statement to Plaintiff disclosing, inter alia, correct overtime hours worked and rates of pay.

4.      Plaintiff complains that he was not paid for his hours working during the one hour alleged meal break and was not reimbursed for his Metrocard costs or telephone costs and was not paid for all his hours worked including his time waiting after his last delivery.

5.      Finally, Plaintiff complains that Defendant retaliated against him by terminating him in retaliation for his complaining about not being paid proper overtime wages.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.      Plaintiff Tennessee Bynoe is an adult individual, residing in Kings County, New York.

10.      Upon information and belief, Defendant CROWN DELIVERY & LOGISTICS, INC. and TB EMPLOYMENT SERVICES, INC. and TOTAL BENEFIT MANAGEMENT, INC.,  (together the "Corporate Defendant") are each a New York corporation

11.     Upon information and belief, the principal place of business of CROWN DELIVERY & LOGISTICS, INC. is located at 141 West 41st Street, New York, N.Y. 10036.

12.     Upon information and belief the principal place of business of TB EMPLOYMENT SERVICES, INC. and TOTAL BENEFIT MANAGEMENT, INC. is located at 333 Glen Street, Suite 901, Glen Falls, N.Y. 12801.

13.     Upon information and belief, Defendant CURTIS HIGHT is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

14.     Upon information and belief, Defendant CURTIS HIGHT is one of the owners, officers, directors and/or managing agents of the Corporate Defendant, who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law and are jointly and severally liable with the Corporate Defendant.

15.     Upon information and belief, CURTIS HIGHT is the President and Chief Executive Officer and Executive Director of the Corporate Defendant, and has held these positions since 2009 ("Hoffman time period").

16.     Upon information and belief, during the last six years, CURTIS HIGHT had authority over the Corporate Defendant's management, supervision, and oversight of the Corporate Defendant's affairs in general and exercised operational control over the Corporate

Defendants' home health aide employees and other employees and her decisions directly affected the nature and condition of the home health care employees' employment.

17.     Upon information and belief, during the last six years, CURTIS HIGHT (1) had the power to hire and fire courier employees of the Corporate Defendant, (2) supervised and controlled the courier employees' schedules and conditions of employment, (3) determined the rate and method of payment of the courier employees, and (4) maintained employment records related to the courier employees.

18.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since March 17, 2010 to the entry of judgment in this case (the "Collective Action Period") (period tolled for failure to post notice indicating employees are entitled to minimum wages and overtime and for concealing violations and employees rights under FLSA), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay

for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

20.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

21.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

22.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

23.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.  whether Defendants failed to pay the Collective Action Members, minimum wages for hours worked and/or overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  whether Defendants should be enjoined from such violations of the FLSA in the future.

24.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

25.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26.     Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since March 17, 2010 to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them, spread of hours pay for hours worked a spread of ten or more hours in a day, as well as overtime wages in violation of the New York Labor Law and/or have not received the notices required by the New York Wage Prevention Act (the "Class").

27.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there at least 40 members of the Class during the Class Period.

28.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

29.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

30.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

31.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

32.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    i.   whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

    j.   whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

    k.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    l.   whether Defendants failed and/or refused to pay the members of the Class, minimum wages and/or hourly wages for all hours worked by them, an extra hour of pay for each day on which members of the Class worked a spread of ten or more hours, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    m.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees;

    n.  whether the Defendants failed to provide the notices and wage statements as required by the New York Wage Theft Prevention Act; and

    **o.**  whether the Defendants should be enjoined from such violations of the New

8

York Labor Law in the future.

## STATEMENT OF FACTS

33.    Plaintiff TENNESSEE BYNOE ("BYNOE") was employed by Defendants as a courier from about mid March 2007 to about March 22, 2015 and from about July 27, 2015 to January 13, 2017 (the "time period").

34.    Defendant operated and operates a courier business located at 141 West 41st Street, 3rd Floor, New York, N.Y. 10036 (the "Office").

35.    During the time period, Defendant employed at any given time at least 40 courier employees and ran a business performing hand deliveries for its clients.

36.    During the time period, BYNOE worked with at least 40 similar couriers based in the New York Office as turnover was reasonably high.

37.    During the time period, BYNOE worked for Defendant as a courier and delivered packages in New York City.

38.    During the time period, BYNOE was not paid minimum wages for his hours worked and was not paid time and one half for his overtime hours worked because (a) BYNOE was not paid for all his Metrocard and telephone expense, (b) was not paid for his time working during the alleged one-half hour meal break per shift, and (c) was not paid for all his time working as Defendant generally did not pay BYNOE for 2-3 hours per week of his work per week in addition to the unpaid work during the alleged half hour per day meal break.

39.    During the time period, in certain weeks, BYNOE worked more than 40 hours per week ("overtime') and generally was not paid time and one half his regular wage rate for his hours worked over forty in a workweek.

40.    During the time period, BYNOE commenced each day at about 10:00 a.m. by calling the dispatcher on his personal phone from midtown and giving him his location.

41.    BYNOE then performed deliveries or waited on call until about 6:00 p.m. to 7:00 p.m. or later when BYNOE was told by the dispatcher to go home.

42.    BYNOE was given a software application to put into his phone which allowed his phone to accept pick up and delivery instructions and allowed him to confirm his pick ups and deliveries electronically with his phone.

43.    During the time period, BYNOE worked for the following dispatchers: Igo, Gais and Bruce.

44.    During the time period, Curtis Hight was the operations manager, founder and owner of Crown Delivery & Logistics, Inc.

45.    Throughout the time period BYNOE repeatedly complained to Bruce (the head dispatcher) about not being paid for all his hours worked and not being paid overtime, and Bruce repeatedly said that BYNOE should be happy with what BYNOE was paid and that if BYNOE did not like it, BYNOE should quit.

46.    On or about January 13, 2017, BYNOE complained to Bruce about not getting paid for all his hours and not getting overtime pay and responded by terminating BYNOE in retaliation for his complaint. Igo and Maria witnessed BYNOE's wage complaints to Bruce on January 13, 2017 and his firing BYNOE in retaliation for his complaints.

47.    During the time period, BYNOE was generally not paid (a) for all his hours worked; (b) at least minimum wage for his hours worked; and (c) time and one half his regular hourly rate for hours worked over forty in a workweek ("overtime").

48.     Defendant keeps a record of the date and time of his pick ups and deliveries electronically in its computer.

49.     Defendant did not pay BYNOE for a one-half hour alleged meal break per day even though Defendant knew that BYNOE was on call during meal periods and assigned BYNOE work during meal periods.

50.     During the time period, BYNOE never took a meal break and was generally required to be on call and/or work during any meal break.  Nevertheless, Defendant deducted one-half hour per day from his hours worked for an alleged meal break and never paid BYNOE any wages for this one-half hour during which BYNOE was working.

51.     During the time period, BYNOE and the other courier employees used Defendant's software to accept and perform pick-ups and deliveries.

52.     During the time period, BYNOE and the other courier employees were required to buy their own Metrocards for the subway.

53.     The Metrocards were necessary for the couriers to perform their deliveries as the delivery locations were generally far apart.

54.     Defendant did not reimburse BYNOE or the other similar courier employees for the full cost of their Metrocards.  Defendants paid for their Metrocards if they worked a full 5 days but paid less than the full cost of the Metrocard if they worked less than five days even though they still were required to buy a weekly unlimited Metrocard to perform their deliveries during the less than 5 day period.

55.     Weekly unlimited Metrocards during the time period cost approximately $31.

56.    Defendant did not reimburse BYNOE or the other similar courier employees for the full cost of their telephones.  Defendants agreed to pay $20 per month which was generally paid after the end of the month of use but did not always pay this full amount.

57.    During the time period, BYNOE's job responsibilities did not require any independent judgment, and BYNOE did not have the power to hire or fire employees.

58.    During the time period, there were at least 40 other courier employees who did similar work as BYNOE and also had no power to hire or fire employees.

59.    During the time period, BYNOE and these similar courier employees of Defendant during certain weeks worked more than 40 hours a week for Defendant, but were not paid time and one half for the hours worked over forty.

60.    During the time period, BYNOE and these other similar courier employees were not paid wages for all their hours worked, were not paid minimum wages for all their hours worked, were not paid overtime wages for their wages worked over forty in week, and were not paid for their time on call or working during alleged meal breaks, and were not always reimbursed for the full cost of their Metrocard expenses.

61.    BYNOE  knows that others like him were not paid minimum wages and overtime wages because BYNOE frequently heard other similar courier employees, including but not limited to Rachid and Pope, complain that they were not paid for all their hours worked and were not paid overtime and were not fully reimbursed for Metrocard and phone expenses.

62.    Throughout the time period, Defendant has likewise employed other individuals, like BYNOE, in positions as couriers.

63.    Throughout the time period, such individuals have not been paid minimum wages or regular wages for all hours worked, and have worked in excess of 40 hours per week and not been paid overtime premium wages of one and one half times their regular hourly rate.

64.    During the time period, BYNOE was not specifically notified by Defendants of the regular pay day designated by Defendants, Defendants' name, address and principle place of business and telephone number and his specific correct rate of pay as required by the New York Wage Theft Prevention Act ("WTPA Information").  BYNOE and similar couriers have not been given any correct notice of this information to sign and have not signed any such notice.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

65.    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.    At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

68.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

69.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiff's written consent is attached hereto and incorporated by reference.

70.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek as well as minimum wages for all hours worked.

71.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate equal to or greater than the minimum wage rate and at a rate equal to or greater than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

72.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

73.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum wages, overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

75.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay proper commissions, by failing to pay them minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and/or failing to pay an extra hour of pay for spread of hours pay, in violation of the New York Labor Law and its regulations.

78.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

79.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to provide them proper notices and wage statements in violation of the New York Wage Theft Prevention Act.

80.     As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiff and the members of the Class are entitled to damages of $50 per day as a result of Defendants' failure to provide the notice required under the New York Wage Theft Prevention Act and $250 per week for Defendants' failure to provide a Wage and Hour Statement to Plaintiff disclosing, inter alia, correct overtime hours worked and rates of pay.

81.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid commissions, unpaid minimum wages, unpaid spread of hours wages, unpaid overtime compensation, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## THIRD CLAIM FOR RELIEF
### (New York Labor Law – Breach of Contract)

82.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Plaintiff and members of the Class entered into employment contracts with Defendants, which required Defendants to pay Plaintiff and members of the Class their regular and overtime and minimum wages and commissions for their work performed.

84.     Plaintiff and members of the Class fully performed all their obligations under the employment contracts.

85.     Defendants breached the employment contracts by failing to pay to Plaintiff and the members of the Class, wages and commissions owed to them for services provided by Plaintiff and the members of the Class.

86.     Defendants' breach has caused Plaintiff and members of the Class to suffer damages.

87.     As a result of Defendants' breach of the employment contracts, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(New York Labor Law – UNJUST ENRICHMENT)**

88.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants have been unjustly enriched at the expense of the Plaintiff and the members of the Class by their illegally and improperly receiving the work performed by Plaintiff and the members of the Class and failing to pay Plaintiff and the members of the Class for wages for their work performed.

90.     Plaintiff and the members of the Class have been damaged by Defendants' intentional refusal to pay them wages for work requested from, received from, and performed by Plaintiff and the members of the Class.

## SIXTH CLAIM FOR RELIEF
### (New York Common Law -- QUANTUM MERUIT)

91.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

92.     Plaintiff and the members of the Class performed services for Defendant at Defendant's specific request, for which Defendant understood it would have to pay.

93.     Despite demand therefore, Plaintiff and the members of the Class have not been paid reasonable value for those services.

94.     Based on the foregoing, Plaintiff and the members of the Class are entitled to recover the reasonable value of the unpaid services provided to the Defendant in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (FLSA - Discrimination and Retaliation)

95.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

96.     Defendants terminated Plaintiff because he made a complaint alleging violations of the FLSA and the New York Labor Law against Defendants. The termination of Plaintiff was a retaliation for Plaintiff's making his complaint that he was not being paid all his proper wages.

97.     By terminating Plaintiff, Defendants violated the FLSA, 29 U.S.C. §201 et seq. Section 215 (a) (3) specifically states:

It shall be unlawful for any person—

(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 USCS §§ 201 et seq., generally; for full classification, consult USCS Tables volumes], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

98.     Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to his former position, and reasonable attorneys' fees, and costs and disbursements of the action.

### EIGHTH CLAIM FOR RELIEF
**(New York Labor Law - Discrimination and Retaliation)**

99.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

100.     By terminating Plaintiff, Defendants violated New York Labor Law § 215.  New York Labor Law § 215 states:

§ 215.  Penalties and civil action; employer who penalizes employees because of complaints of employer violations

1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more than two thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.

2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under

this section, notice thereof shall be served upon the attorney general by the employee.

101.    Prior to the commencement of this claim, on March 16, 2017, Plaintiff served a copy of this Complaint upon the Attorney General of New York State.

102.    Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to his former position, and reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated, Collective Action Members, and members of the Class, respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.    An order tolling the statute of limitations;

c.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e.      An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of unpaid wages, unpaid minimum wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

g.      An award of spread of hours damages equal to an additional hour of pay for each day on which a plaintiff worked a spread of more than ten hours;

h.      An award of statutory damages under the Wage Theft Prevention Act in the amount of $150 per week plus interest;

i.      An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

j.      An award of lost wages, damages to compensate for emotional distress and punitive damages as a result of Plaintiff's illegal termination;

k.      An award of statutory damages under the New York Wage Theft Prevention Act;

l.      An award of prejudgment and postjudgment interest;

m.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
March 17, 2017

LAW OFFICE OF WILLIAM COUDERT RAND

By:  _____
William Coudert Rand (WR 7685)
501 Fifth Ave., 15th Floor
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (646) 688-3078
Email: wcrand@wcrand.com
*ATTORNEY FOR PLAINTIFF*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Curtis Hight, Total Benefits Mgmt, Inc._ _Crown Delivery & Logistics, Inc., TB Employment Services Inc._ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____  01-17-17  Tennessee Bynoe

Signature                Date      Print Name

8